UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **KEVIN LAMONT LOGAN** | **CIVIL ACTION NO. 3:12CV-2221** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE JAMES** |
| **MADISON PARISH DETENTION CENTER, et al.** | **MAGISTRATE JUDGE HAYES** |

### MEMORANDUM ORDER

Before the Court is a Motion to Compel, Motion to Extend Discovery Deadline, Motion for Reconsideration of Denial of Appointed Counsel, and Motion for Leave to Add an Additional Defendant, filed by Plaintiff, Kevin Lamont Logan. [doc. # 31, 36]. Plaintiff also makes an associated request for expenses incurred in making the Motion to Compel. [doc. # 31]. For the reasons stated below, the Motions are **DENIED**.[1]

### Background

*Pro se* Plaintiff Kevin Lamont Logan is a prisoner at the Madison Parish Detention Center ("MPDC"). Proceeding *in forma pauperis*, he filed a civil rights complaint on August 14, 2012. Plaintiff complains that Defendants, through their policy of selling tobacco products, have created an unreasonable risk of exposure to environmental tobacco smoke; he claims that Defendants have denied him access to publications he has ordered; he claims that Defendants have interfered with his personal and legal mail and have otherwise denied him access to the

---

[1] As these are not any of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this Court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).

Courts. He seeks compensatory damages of $250,000 "for long term health issues of exposure of tobacco smoke" and to be compensated for the money spent on books and magazines that were seized by Defendants. Finally, he requests a transfer to another facility.

On March 14, 2013, Plaintiff moved to subpoena "tapes" from MPDC that purportedly depict individuals smoking in Plaintiff's dorm and "log sheets regarding recreation for C dorm." [doc. # 18]. Although this Court denied Plaintiff's Motion, the Court nevertheless ordered Defendants to "provide to plaintiff all medical records, warden's unusual occurrence reports, and all other documents pertinent to the issues in this case, that are in their possession." [doc. # 20, p. 3]. This Court further instructed Plaintiff to file a motion to compel if Plaintiff did not receive any of these documents within the prescribed time period. *Id.* The Court ordered Plaintiff to employ discovery to obtain any other information requested. *Id.* Notably, Plaintiff has not, as of the time of this Order, served Defendants with any requests for production.

Plaintiff now asks this Court to compel Defendants to produce the following: (1) warden's unusual occurrence reports; (2) grievances that Plaintiff has filed and associated responses; (3) copies of monitoring for Building 4, Dorm C; (4) a written statement that Plaintiff made on January 9, 2013; and (5) copies of all logs pertaining to Building 4. [doc. # 31, p. 1]. Plaintiff also moves for an order, pursuant to Federal Rule of Civil Procedure 37(a)(5), requiring Defendants to pay Plaintiff's reasonable expenses incurred in making the instant Motion. *Id.*

Defendants, following Plaintiff's Motion to Compel, produced and provided Plaintiff with a copy of Plaintiff's medical records, as well as a copy of a letter from the Madison Parish Sheriff's Office attesting to a lack of any grievances or incident reports relative to Plaintiff's incarceration at MPDC. [doc. # 34]. Defendants aver that Plaintiff's Motion to Compel is moot

because Defendants have complied with the Court's Order requiring them to provide Plaintiff with all pertinent documents. [doc. # 33]. At bottom, Defendants make no claim of privilege and argue only that they have provided Plaintiff with all the pertinent information they have.

In response, Plaintiff essentially argues that Defendants' discovery production is incomplete. [doc. # 36]. Plaintiff suggests that there is more information in his record than Defendants state. *Id.* As a result, Plaintiff requests the following in an attempt to prove that Defendants are withholding discovery: (1) a deposition from a Lieutenant Hunter; (2) the production of certain tapes that will show that grievances have disappeared from his file; and (3) affidavits from other inmates that might indicate that other inmates are missing grievances and request forms from their files. *Id.*

Finally, unrelated to his Motion to Compel, Plaintiff moves the Court to reconsider its prior Order denying Plaintiff appointed counsel and also seeks leave to amend his Complaint to add an additional Defendant. [doc. # 31, p. 2; # 36].

## **Analysis**

I. Motion to Compel and Motion to Extend Discovery Deadline

Discovery requests for documents and tangible things are governed by Rule 34 of the Federal Rules of Civil Procedure. The Rule, in relevant part, states that "[a] party may serve on any other party a request . . . to produce . . . any designated documents or electronically stored information–including . . . sound recordings, images, and other data or data compilations . . . . FED. R. CIV. P. 34(a). Motions to compel are authorized by Rule 37 of the Federal Rules of Civil Procedure: "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if . . . a party fails to respond

that inspection will be permitted–or fails to permit inspection–as requested under Rule 34." FED. R. CIV. P. 37(a).

Here, to reiterate, the Court ordered Defendants to produce all documents pertinent to the issues of this case. [doc. # 20, p. 3]. Hence, Plaintiff did not need to request any of these documents before moving the Court to compel their production because the Court order suffices. However, Plaintiff's Motion to Compel a "copy of monitoring for Building 4 Dorm C" falls outside of this Court's prior Order instructing Defendant to disclose all pertinent documentation. Plaintiff may not use a motion to compel to obtain a document that he has not requested. Plaintiff's Motion to Compel Defendants to produce "monitoring" is therefore denied.

Plaintiff also seeks to compel production of various other documentation pertinent to the issues raised in this case; in other words, Plaintiff seeks to compel every document that the Court ordered Defendants to produce. Defendants respond that they have "complied with the Court Order." [doc. # 33]. Significantly, there is no dispute about the discoverable nature of the documents or other information that Plaintiff wants produced.

The Court cannot compel Defendants to produce documents that they do not have or that the Court does not know exist. *See Rockwell Int'l Corp. v. H. Wolfe Iron and Metal Co.*, 576 F. Supp. 511, 513 (W.D. Pa. 1983) (Rule 34 requires only that a party produce documents that are already in existence). "Ordinarily, the representation of a party's attorney that no additional documents exist is sufficient to defeat a motion to compel absent credible evidence that the representation is inaccurate. Consequently, if plaintiffs . . . 'do not provide any evidence demonstrating that responsive documents do, in fact, exist and are being unlawfully withheld, their motion to compel must fail.'" *Brown v. Tellermate Holdings, Ltd.*, 2013 WL 1363738, at

4

*6 (S.D. Ohio April 3, 2013) (citing *Alexander v. F.B.I.*, 194 F.R.D. 299, 301 (D.D.C. 2000)). "Without more specific information triggering some reason for doubt, the Court must take the producing party . . . at its word when it claims to have produced everything it has." *Aristocrat Techs. v. Int'l Game Tech.*, 2009 WL 3573327, at *3 (N.D. Cal. Oct. 30, 2009).

Plaintiff here has not provided credible evidence to justify a finding that the requested documents do exist or are in Defendants' possession. For instance, Plaintiff claims that there must be a grievance in his file because he was moved from MPDC to Richwood Correctional Center. [doc. # 36, p. 1]. However, this averment does nothing more than raise, at most, a circumstantial suspicion that Plaintiff could have been moved because he filed a grievance. Plaintiff could also have been moved for any number of other reasons, one of which being the filing of the instant Complaint. In sum, Plaintiff does not provide enough facts to substantiate his contentions. Defendants' representation that they have produced all responsive documents is sufficient.[2]

Plaintiff, in turn, argues that he will be able to provide evidence supporting the existence of the information he requests if the Court will permit him to conduct additional discovery. [doc. # 36]. Plaintiff first asks the Court to extend discovery so that he can depose a Lieutenant Hunter. *Id.* The discovery deadline has passed. [*See* doc. # 20, p. 3-4]. The discovery deadline can only be modified for "good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4).

---

[2] The Court reminds Defendants of their ongoing obligation to supplement their disclosures. "A party who has . . . responded to an interrogatory, request for production, or request for admission–must supplement or correct its disclosure response: in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e).

"When it comes to discovery, '[s]peculation that there is more will not suffice; if the theoretical possibility that more documents exist sufficed to justify additional discovery, discovery would never end.' The party seeking to compel discovery must provide more than just a suspicion or a hunch that additional documents exist which are responsive to the request." *Porter Bridge Loan Co. v. Hentges*, 2012 WL 7853856, at *4 (N.D. Okla. Oct. 25, 2012) (citing *Hubbard v. Potter*, 247 F.R.D. 27, 29 (D.D.C. 2008)).

Here, Plaintiff provides the Court with nothing more than speculation or suspicion that additional documents exist. *C.f., e.g., Ameriwood Indus., Inc. v. Liberman*, 2006 WL 3825291, at *3 (E.D. Mo. Dec. 27, 2006) (plaintiff's production of e-mail raised an inference that there were other responsive e-mail messages); *Zubulake v. UBS Warburg LLC*, 217 F.R.D. 309, 317 (S.D.N.Y. 2003) (additional discovery was warranted due to inadequacy of defendant's production where plaintiff herself produced numerous documents that were responsive to her discovery requests). Plaintiff wants to depose Lieutenant Hunter because Plaintiff contends that Lieutenant Hunter at one time possessed a grievance that Plaintiff filed. [doc. # 36, p. 1]. Similarly, Plaintiff also seeks production of certain tapes that will show that grievances have disappeared from his file.[3] *Id.* Presumably, Plaintiff seeks surveillance tapes allegedly depicting Lieutenant Hunter presenting Plaintiff with a grievance that he filed. [*See* doc. # 36, p. 1]. In any event, without additional support, Plaintiff's contention is unavailing and does not amount to

---

[3] To the extent that Plaintiff asks the Court to compel production of these tapes, rather than seeking a modification of the discovery deadline so that Plaintiff can discover the tapes himself, the request is denied. Plaintiff has not previously requested the tapes from Defendants. Plaintiff may not use a motion to compel to obtain information that he has not requested.

a showing of "good cause" required to extend discovery.[4]

Accordingly, Plaintiff's Motion to Compel and Motion to Extend Discovery Deadline is **DENIED.** *A fortiori,* Plaintiff's associated request for expenses incurred in making his Motion to Compel is likewise **DENIED**.

II. Reconsideration of Denial of Appointed Counsel

Plaintiff moves the Court to reconsider its prior Order denying Plaintiff appointed counsel. [doc. # 31, p. 2]. On October 2, 2013, this Court denied Plaintiff's Motion for Appointment of Counsel. [doc. # 30]. The Court denied Plaintiff's Motion because the circumstances Plaintiff presented were not deemed "exceptional." *Id.* at 3.

Generally, "motions to reconsider are analyzed under Rule 59(e) of the Federal Rules of Civil Procedure." *McDonald v. Entergy Operations, Inc.*, 2005 WL 1528611, at * 1 (S.D. Miss. May 31, 2005). Rule 59(e) motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). The three factors typically considered by district courts in evaluating motions filed under Rule 59(e) are: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

Here, Plaintiff has not made the requisite showing with respect to his Motion for

---

[4] Plaintiff also seeks permission to secure affidavits from other inmates that might indicate that other inmates are missing grievances and request forms from their files. To that end, it is Plaintiff's responsibility to secure affidavits from other inmates, and he does not need the court's permission to do so.

reconsideration. Plaintiff's Motion does not address or allege any new evidence or change in circumstances that would warrant this Court to reconsider any of its previous bases for denying appointment. Plaintiff argues that he should be appointed counsel because he is unable to afford counsel. [doc. # 31, p. 2]. This argument is not determinative because all plaintiffs must be "unable to afford counsel" in order for the court to request an attorney to represent them. 28 U.S.C.A. § 1915(e)(1). Plaintiff also argues that, subsequent to this Court's previous Order denying appointment of counsel, he has made an attempt to secure counsel. However, even if Plaintiff has made an attempt to secure counsel, he does not sufficiently address any of the other bases for the previous denial of his Motion: i.e, that he is able to adequately present his case and that his claims do not demonstrate "exceptional circumstances" to warrant the appointment of counsel.

Accordingly, Plaintiff's Motion for Reconsideration is **DENIED**.

III. Motion for Leave to Add an Additional Defendant

Finally, Plaintiff seeks leave to amend his Complaint and add an additional Defendant, the Louisiana Department of Corrections. [doc. # 36, p. 1]. However, Plaintiff's request is denied as futile because the Louisiana Department of Corrections is entitled to sovereign immunity under the Eleventh Amendment.

The Eleventh Amendment of the United States Constitution bars all suits for monetary relief brought in federal court against a state or state agency unless the state has consented to suit. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Louisiana has not waived sovereign immunity from suit in federal court. LA. REV. STAT. ANN. § 13:5106(A). It is well-settled that the Louisiana Department of Corrections is entitled to Eleventh Amendment

immunity. See *Williams v. Henagan*, 595 F.3d 610, 618 (5th Cir. 2010) ("Williams's claims against . . . Louisiana Dept. of Corrections . . . are barred by the Eleventh Amendment."). Accordingly, Plaintiff's request for leave to amend his Complaint to add an additional defendant is **DENIED**.

### Conclusion

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Compel, Motion to Extend Discovery Deadline, Motion for Reconsideration of Denial of Appointed Counsel, Motion for Leave to Add an Additional Defendant, and request for expenses incurred in making the Motion to Compel are **DENIED**.

THUS DONE AND SIGNED at Monroe, Louisiana, this 25th day of October, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE