UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **KEVIN LAMONT LOGAN** | **CIVIL ACTION NO. 3:12CV-2221** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE JAMES** |
| **MADISON PARISH DETENTION CENTER, et al.** | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Motion For Summary Judgment for failure to exhaust administrative remedies filed by Defendants Madison Parish Detention Center, Larry Cox, Major Johnson, Captain Brooke, and Mrs. Washington. [doc. # 37]. For the reasons stated below, **IT IS RECOMMENDED** that Defendants' Motion be **GRANTED**, and that Plaintiff's Complaint, [doc. # 6], be **DISMISSED without prejudice for failure to exhaust administrative remedies**, but **DISMISSED with prejudice** for purposes of proceeding *in forma pauperis* pursuant to 28 U.S.C.A. § 1915(d).

## Background

*Pro se* Plaintiff Kevin Lamont Logan, a prisoner at the Madison Parish Detention Center ("MPDC") proceeding *in forma pauperis*, filed a civil rights complaint on August 14, 2012. [doc. # 1]. Plaintiff complains that Defendants, through their policy of selling tobacco products, have created an unreasonable risk of exposure to environmental tobacco smoke; that Defendants have denied him access to publications he has ordered; that Defendants have interfered with his personal and legal mail; and that Defendants have denied him access to the Courts. [doc. # 6, p. 3]. He seeks compensatory damages of $250,000 "for long term health

issues of exposure [to] tobacco smoke" and to be compensated for the money spent on books and magazines that were allegedly seized by Defendants. *Id.* at 5. Finally, he requests a transfer to another facility. *Id.*

On October 24, 2013, Defendants filed a Motion For Summary Judgment on the grounds that Plaintiff did not exhaust his available administrative remedies. [doc. # 37]. Defendants contend that "Plaintiff has not filed any Offender Request forms, Administrative Remedy Procedures, or other type of grievance with Sheriff's personnel at [MPDC]." [doc. # 37-1, p. 2]. Plaintiff has not opposed Defendants' Motion.

The matter is before the Court.

## Law and Analysis

A. Summary Judgment Standard

Summary judgment is appropriate if the evidence before the court shows "that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Tex. St. Bd. of Dental Exam'rs*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharm. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). After a proper motion for summary judgment is made, the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000).

Substantive law determines what facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* "Where the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The facts are reviewed drawing all reasonable inferences in favor of the non-moving party. *PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist.*, 177 F.3d 351, 361 (5th Cir. 1999). However, this is only so when there is "an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Id.*

B. <u>Failure to Exhaust Administrative Remedies</u>

The undisputed facts show that Plaintiff has failed to exhaust his administrative remedies. The evidence–or the absence of evidence–demonstrates that Plaintiff has not filed any grievances or complaints with the personnel at MPDC. Exhaustion is a necessary prerequisite to filing suit in this Court.

The Prison Litigation Reform Act of 1995 provides:

> No action shall be brought with respect to prison conditions under section 1993 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C.A. § 1997e(a). Exhaustion is mandatory, and is required even where the relief sought cannot be granted by the administrative process. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). All

"available" remedies must be exhausted whether speedy and effective or not. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion is an affirmative defense; thus, the burden is on a defendant to establish that a plaintiff failed to exhaust available administrative remedies. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).

Here, it is undisputed that there is a three-step "Administrative Remedy Procedure" ("ARP") that inmates at MPDC must use to resolve complaints. [doc. # 37-4, p. 5-6; # 37-3, p. 2]. Plaintiff does not deny that there is a grievance process in place. [doc. # 1, p. 2]. In fact, Plaintiff alleges that he used the process to file a complaint. *Id.*

Under MPDC's ARP, an inmate's grievance must first be deposited in a collection box for delivery to the Warden. [doc. # 37-4, p. 5]. The Warden's office will then let the offender know if his grievance is being processed or if it was rejected. *Id.* Pursuant to "Step Two," an inmate must next request a review by the Warden. *Id.* Finally, pursuant to "Step Three," if an offender is still not satisfied with the results of the review, he must appeal to the Sheriff. *Id.* The ARP cautions: "IF AN OFFENDER DOES NOT TIMELY FOLLOW EACH STEP OF THE PROCEDURE, HE MAY BE BARRED FROM LATER BRINGING HIS GRIEVANCE TO COURT." *Id.* at 2.

It is also undisputed that Plaintiff has failed to exhaust all three steps of the ARP. In support of their Motion, Defendants provide the affidavit of Laura Wilder, the Warden's Executive Assistant at MPDC, which states that Plaintiff "did not file any Offender Request forms, Administrative Remedy Procedures, or other type of grievance with the staff at MPDC. At no time were the staff or personnel at MPDC notified by [Plaintiff], either orally or in writing, that he was dissatisfied with the conditions of his confinement, the status of his property, his

access to the courts, or any other matter." [doc. # 37-3, p. 1].

Although Plaintiff asserts in his Complaint that he submitted his grievances through the prison's grievance procedure and exhausted all of the steps, [doc. # 1, p. 2], he has failed to support his assertions with any evidence. Plaintiff has only presented this Court with one grievance, unsigned by any MPDC personnel, which solely relates to his claim that he was denied books that he ordered. [doc. # 6-1]. Even accepting this one grievance as fact, there is no evidence showing that Plaintiff filed grievances with regard to his other claims, or that Plaintiff exhausted steps two and three of the ARP with respect to his claim that he was denied the books he ordered.

Thus, in response to Defendants' properly supported Motion For Summary Judgment, Plaintiff has failed to come forward with competent summary judgment evidence to demonstrate that he exhausted steps two and three of the ARP with respect to his claim that he was denied books or to demonstrate that he exhausted any of the three steps with respect to his other claims. Under these circumstances, the Court is compelled to find that there is no genuine dispute as to any material fact, that Defendants are entitled to judgment as a matter of law, and that Plaintiff's claims should be dismissed.

Although dismissal for failure to exhaust administrative remedies is typically without prejudice,[1] the Court is authorized to dismiss Plaintiff's Complaint with prejudice with regard to his right to re-file it *in forma pauperis* ("IFP"):

> By choosing to file and pursue his suit prior to exhausting administrative remedies as required, [plaintiff] sought relief to which he was not entitled-that is, federal court intervention in prison affairs prior to the prison having had the opportunity to address

---

[1] *See e.g., Cooper v. Quarterman*, 342 Fed. App'x. 12, 13 (5th Cir. 2009).

the complaint within its grievance procedures. We therefore affirm the district court's order dismissing [plaintiff's] action with prejudice for purposes of proceeding IFP.

*Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998) (overruled by implication on other grounds by *Jones v. Bock*, 549 U.S. 199, 920-21 (2007)).

The foregoing approach is appropriate here. Accordingly, if Plaintiff exhausts his administrative remedies with respect to the claims raised herein, he may present these claims again, but may not proceed *in forma pauperis* to do so.[2]

### Conclusion

For the above-stated reasons, **IT IS RECOMMENDED** that Defendants' Motion For Summary Judgment, [doc. # 37], be **GRANTED**, and that the Complaint, [doc. # 6], be **DISMISSED without prejudice for failure to exhaust administrative remedies**, but **DISMISSED with prejudice** for purposes of proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a

---

[2] Of course, administrative exhaustion requires "proper" exhaustion, i.e., compliance with deadlines and other critical procedural rules. *Woodford, supra*. At this point, Plaintiff's delay may foreclose his ability to properly exhaust available administrative remedies. [*See* doc. 37-4, p. 5 ("IF AN OFFENDER DOES NOT TIMELY FOLLOW EACH STEP OF THE PROCEDURE, HE MAY BE BARRED FROM LATER BRINGING HIS GRIEVANCE TO COURT.")].

final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 5th day of December, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE